IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIVERBEND SCRAP CORPORATION, an Illinois corporation,<br><br>    Defendant. | Case No. 08 C 328<br><br>District Judge Harry D. Leinenweber<br><br>Magistrate Judge Brown |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health Fund") and Howard McDougall, trustee, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby move this court for entry of a default judgment against Defendant Riverbend Scrap Corporation, an Illinois corporation ("Riverbend"). In support of this motion, the Funds state as follows:

1. On January 15, 2008, Plaintiffs filed a Complaint against Defendant in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Act Amendments of 1980, to recover delinquent employer contributions due and owing to the Pension and Health Funds by Defendant as well as interest, liquidated damages, and

attorneys' fees and costs.

2.  This Court has subject matter jurisdiction of this action and venue of this action properly lies in this District.  29 U.S.C. § 1132(e)(1) and (e)(2).  (Affidavit of Jo Evelyn George-Roberson¶¶4-6 ("George-Roberson Affidavit") attached hereto as Exhibit A and incorporated herein by reference.)

3.  On January 20, 2008, Defendant was served by personal delivery of Summons and Complaint and this Court has personal jurisdiction over Defendant pursuant to Federal Rules of Civil Procedure 4(c) and 4(h).  See Affidavit of Service filed on January 31, 2008, attached hereto as Exhibit C.

4.  The time for Defendant to appear, plead, or otherwise defend has expired and Defendant has failed to appear, plead, or otherwise defend in this action.

5.  The Pension and Health Funds receive contributions from numerous employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). (George-Roberson Affidavit ¶7).

6.  The contributions received by the Pension and Health Funds are used to provide benefits for the participants of the Funds.  (George-Roberson Affidavit ¶7).

7.  Defendant entered into and agreed to be bound by a collective bargaining agreement between Defendant and the IBT, pursuant to which Defendant agreed to pay contributions to the Pension and Health Funds on behalf of certain covered employees. (George-Roberson Affidavit ¶8).

8.  Defendant entered into a Participation Agreement with the IBT that required

Defendant to pay contributions to the Pension and Health Funds. (George-Roberson Affidavit ¶9).

9.  Defendant agreed to be bound by the Pension and Health Funds' Trust Agreements, which require Defendant to make contributions to the Funds as required by the applicable collective bargaining agreement. (George-Roberson Affidavit ¶10).

10. Defendant, as a participating employer in the Pension and Health Funds, is required to advise the Funds with respect to the names of individuals who perform covered work and is required to indicate which weeks are worked by the employees. Based upon the work history reported by the employers, the Pension and Health Funds bill the employers for contributions. (George-Roberson Affidavit ¶11).

11. Defendant breached the provisions of the collective bargaining agreement, the Participation Agreement, and the Pension and Health Funds' Trust Agreements by failing to pay all contributions to the Funds which the employee work history reported to the Pension and Health Funds revealed to be owed for the period of August 2007 through December 2007. (George-Roberson Affidavit ¶12).

12. As a result, Defendant owes the principal amount of $9,158.70 for delinquent employer contributions to the Pension and Health Funds. (George-Roberson Affidavit ¶12).

13. Pursuant to 29 U.S.C. § 1132(g)(2), the Pension and Health Funds are entitled to the following relief when prevailing in an action under 29 U.S.C. § 1145:

    (i)   the unpaid contributions;

    (ii)  interest on the unpaid contributions;

    (iii) an amount equal to the greater of the interest or liquidated damages

        as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and

    (iv)    reasonable attorneys' fees and costs.

14. Pursuant to the terms of the Pension and Health Funds' Trust Agreements, the Funds are entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually. (George-Roberson Affidavit ¶14).

15. Through February 15, 2008, Defendant owes the Pension and Health Funds the total amount of $200.31 in interest on the unpaid employer contributions. (George-Roberson Affidavit ¶15).

16. Pursuant to the terms of the Pension and Welfare Funds' Trust Agreements, the Funds are entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions. (George-Roberson Affidavit ¶16).

17. Defendant owes the Pension and Health Funds the total amount of $1,831.74 in liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions. (George-Roberson Affidavit ¶17).

18. Under the Pension and Health Funds' Plans, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New

York, New York) for the fifteenth (15th) day of the months for which the interest is charged. (George-Roberson Affidavit ¶19).

19. Pursuant to the provisions of the Pension and Health Funds' Trust Agreements and ERISA, 29 U.S.C. § 1132(g)(2)(D), Defendant is required to pay all attorneys' fees and costs incurred in connection with this case. The attorneys' fees total $1,192.50 and costs total $576.10. (See Affidavit of Laura B. Bacon attached hereto as Exhibit B and incorporated herein by reference).

**WHEREFORE**, Plaintiffs Central States Southeast and Southwest Areas Pension Fund, Central States Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, trustee, pray for entry of judgment by default in the total amount of $12,959.35 in favor of Plaintiffs and against Defendant Riverbend Scrap Corporation, an Illinois corporation, as follows:

(A) For the past due employer contributions in the amount of $9,158.70; together with interest in the amount of $200.31; liquidated damages in the amount of $1,831.74; attorneys' fees in the amount of $1,192.50; and costs in the amount of $576.10.

(B) That this Court award Plaintiffs post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(C) That this Court retain jurisdiction to enforce the provisions of its Order; and

    (D)    For such other relief deemed just and proper.

        Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847)518-9800, Ext. 3704
ARDC No. 6288982
lbacon@centralstatesfunds.org