

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>RIVERBEND SCRAP CORPORATION, an Illinois corporation,<br><br>    Defendant. | Case No. 08 C 328<br><br>District Judge Harry D. Leinenweber<br><br>Magistrate Judge Brown |

## JUDGMENT ORDER

This matter coming before the Court on Plaintiffs' Motion for Default Judgment, and the Court having reviewed the Motion along with the supporting materials, hereby FINDS, ORDERS, and ADJUDGES as follows:

A.    That a default judgment is entered against Defendant, Riverbend Scrap Corporation, an Illinois corporation ("Riverbend").

B.    That Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), Central States Southeast and Southwest Areas Health and Welfare Fund ("Health Fund") and Howard McDougall, trustee, have and recover judgment from and against Defendant in the total amount of $12,959.35. This amount consists of $9,158.70 in delinquent contributions as reported by Defendant for the period of August 2007 through December 2007, $200.31 in interest through February 15, 2008; $1,831.74

in liquidated damages, as allowed pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); $1,192.50 in attorney's fees; and $576.10 in costs for prosecuting this suit.

C. That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

D. Specifically excluded from this judgment and not barred under claim preclusion are: (i) any obligation of Defendant Riverbend to pay employer contributions (or interest and statutory damages thereon) for any periods other than August 2007 through December 2007; and (ii) any claim for employer contributions (or interest or statutory damages thereon) for any period of time (including the period August 2007 through December 2007) on behalf of employees whose work history was not reported or was inaccurately reported to the Pension and Health Funds.

E. That Plaintiffs are awarded execution for the collection of the judgment and cost granted.

F. That the Court retain jurisdiction of the cause for the purpose of enforcing this Order.

Enter: _____
Judge Leinenweber
United States District Judge

Dated: February 20, 2008